IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THANH HOANG,

     Plaintiff,

  v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

     Defendant.

_____/

No. CIV.S-04-1130 DAD

<u>ORDER</u>

     This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

     Plaintiff Thanh Hoang applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). (Transcript (Tr.) at 61-74.) The Commissioner denied plaintiff's

application initially and on reconsideration.  (Tr. at 31-34, 37-40.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on May 6, 2003, at which time plaintiff was represented by counsel.  (Tr. at 255-72.)  In a decision issued on June 19, 2003, the ALJ determined that plaintiff was not disabled.  (Tr. at 12-21.)  The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 2. The claimant has the following complaints: chronic low back pain, headaches, stomach pain, joint pain, insomnia, depression, poor concentration, forgetfulness, arthritis, shoulder pain, chronic fatigue, knee pain, memory loss, nightmares, and headaches.
>
> 3. The claimant does not have any impairment or impairments that significantly limit his ability to perform basic work-related activities; therefore, the claimant does not have a severe impairment (20 CFR § 416.921).
>
> 4. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(c)).

(Tr. at 20.)  The Appeals Council declined review of the ALJ's decision on April 6, 2004.  (Tr. at 4-6.)  Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on June 8, 2004.

/////

/////

2

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. <u>Schneider v. Comm'r of the Soc. Sec. Admin.</u>, 223 F.3d 968, 973 (9th Cir. 2000); <u>Morgan v. Comm'r of the Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. <u>See</u> <u>Miller v. Heckler</u>, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Morgan</u>, 169 F.3d at 599; <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985) (citing <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. <u>See</u> <u>Jones</u>, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. <u>Id.</u>; <u>see</u> <u>also</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, <u>see</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////

3

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

The sole argument advanced by plaintiff in his motion for summary judgment is that the ALJ erred in not finding plaintiff's

4

alleged bilateral elbow epicondylitis to be a severe impairment at step two of the sequential evaluation. As explained below, the court finds that argument unavailing.

It is well-established that at step two of the sequential evaluation the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The purpose of step two of the sequential evaluation is merely to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Yuckert, 482 U.S. at 153. "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" Smolen, 80 F.3d at 1290 (citations omitted). See also 20 C.F.R. §§ 404.1521(a), 416.921(a)("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). It has been recognized that the step-two inquiry is but "a de minimis screening device to dispose of groundless claims." Smolen, 80 F.3d at 1290 (citing Yuckert, 482 U.S. at 153-54). See also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).

Plaintiff argues that the ALJ failed to recognize his bilateral elbow epicondylitis as a severe impairment. However, the only medical evidence discussed by plaintiff in this regard is the April 20, 2001, opinion of Suzanne Stone, M.D., an examining

5

physician.  (Tr. at 163-65.)  With respect to Dr. Stone's functional capacity assessment, the doctor's opinion clearly indicates as follows: "Physical examination was normal except for mild elbow tendinitis bilaterally, not significantly interfering with normal activities."  (Tr. at 165.)  Further, as defendant accurately points out, each of the nonexamining state agency physicians reviewing plaintiff's case determined either that plaintiff had no medically determinable impairment whatsoever or that any impairment was non-severe.  (Tr. at 166-79, 185-98, 199-200, 247-48, 250-51, 252-54.)  Finally, the court notes that Ellison Chang, M.D., an examining psychiatrist, rendered an Axis I diagnosis of "Probable malingering" following her April 12, 2001 examination of plaintiff.  (Tr. at 160.)  For these reasons, the court finds plaintiff's challenge regarding step two of the sequential evaluation to be unpersuasive. Substantial evidence supports the finding that plaintiff's alleged bilateral elbow epicondylitis has no more than a minimal effect on plaintiff's ability to work.

Finally, in his motion plaintiff also briefly asserts that had the ALJ properly characterized plaintiff's alleged elbow impairment plaintiff would have been found disabled under the medical-vocational guidelines, which are commonly referred to as the "grids."  However, because there was no error at step two of the sequential evaluation, plaintiff's argument regarding the grids -- implicating step five of the sequential evaluation -- necessarily fails.  See Polny v. Bowen, 864 F.2d 661, 663 (9th Cir. 1988)(explaining that at the fifth and final step of the sequential

6

evaluation the Commissioner can meet the burden of showing that a claimant can perform other work by either applying grids or by taking the testimony of a vocational expert).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. Defendant's cross-motion for summary judgment is granted; and

3. The decision of the Commissioner of Social Security is affirmed.

DATED: August 5, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\hoang1130.order